IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN SOO J KO and SANA HAMID ALI, on behalf of Plaintiffs and the class members described herein, <br><br> Plaintiffs, <br><br> vs. <br><br> UNIVERSITY OF THE POTOMAC AT CHICAGO LLC and POTOMAC COLLEGE, LLC, both doing business as University of the Potomac; LINDEN EAST, LLC; ROSANNA DEPINTO, also known as ROSANNA MASTRANTUONO; ARTHUR L. SMITH JR., also known as LEE SMITH; and ANDREA FORD; <br><br> Defendants. | 1:24cv1455 <br> Hon. Virginia M. Kendall |

## JOINT INITIAL STATUS REPORT

1. **Attorneys of record**:

<u>Plaintiffs</u>

Daniel A. Edelman (lead trial attorney)
Tara L. Goodwin
Caileen M. Crecco
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
(312) 739-4200
courtecl@edcombs.com

<u>Defendants</u>

Christine E. Skoczylas (lead trial attorney)
Barnes & Thornburg LLP
1 N. Wacker Dr., Suite 4400
Chicago, IL 60606
(312) 214-5613
christine.skoczlas@btlaw.com

Noah Katsell (PHV)
Barnes & Thornburg LLP
655 W. Broadway, Suite 1300
San Diego, CA 92101
(619) 321-5036
noah.katsell@btlaw.com

**2. Basis for federal jurisdiction:**

The Court has jurisdiction under 28 U.S.C. §1332(a) (general diversity), 28 U.S.C. §1332(d) (Class Action Fairness Act), 28 U.S.C. §1331 (general federal question), 18 U.S.C. §1964 (RICO), and 28 U.S.C. §1367 (supplemental jurisdiction).

If the Court loses subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) or 18 U.S.C. § 1694 (RICO) and it becomes apparent that subject matter jurisdiction under 28 U.S.C. § 1332(a) (general diversity) and 28 U.S.C. § 1332(d) (CAFA) is lacking, Defendants request that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

**3. Nature of claims asserted in the complaint and any expected counterclaim:**

Plaintiffs bring claims related to alleged misrepresentations regarding the ability of the Chicago campus of the University of the Potomac to grant degrees. The Chicago campus did not have the authority to grant degrees but allegedly misled students into believing that it did, and it allegedly enrolled over 100 students in "degree programs" knowing it did not have authority to grant such degrees. Plaintiffs' claims include violations of the Illinois Consumer Fraud Act ("ICFA"), common law fraud and negligent misrepresentation, and violations of RICO. These claims are brought on behalf of Plaintiffs and a class. Defendants deny Plaintiffs' claims.

No counterclaims are anticipated. However, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint on May 28, 2024, which seeks to dismiss the Complaint in its entirety. Plaintiffs filed their response on June 12, 2024, and Defendants filed their reply on June 19, 2024.

**4. Names of any party not yet served:**

All Defendants have been served.

**5. Principal legal issues:**

The principal legal issues are: (1) whether the Defendants' alleged misrepresentations and omissions regarding accreditation constitute a deceptive act or practice under the ICFA; (2) whether Defendants' alleged conduct is unfair under the ICFA such that it offends public policy, is immoral, unethical, oppressive or unscrupulous, or causes substantial injury to consumers; (3) whether

Defendants' alleged misrepresentations and omissions regarding accreditation constitute fraudulent concealment; (4) whether Defendants' alleged misrepresentations regarding accreditation constitute negligent misrepresentation; (5) whether the individual Defendants violated RICO; and (6) whether the requirements for class certification are satisfied.

**6. Principal factual issues:**

The principal factual issues are: (1) whether Defendants misrepresented to students that the Chicago campus was a degree-granting institution; (2) whether enrolling students in a degree-granting program is a representation that the enrolling institution has authority to grant degrees; (3) whether Defendants intended that students rely upon the alleged concealment, suppression, or omission of the material fact that the Chicago campus was not authorized to grant degrees; (4) whether Plaintiffs were enrolled in degree programs through, or received degrees from, the Chicago campus; (5) whether Plaintiffs were damaged as a result of Defendants' alleged conduct; and (6) the amount and nature of the class members' alleged damages.

**7. Jury trial expectations:**

Plaintiffs have demanded a trial by jury.

**8. Discovery taken to date and anticipated in the future:**

No discovery has been taken to date.

**9. Discovery proposal:**

The Parties are not in complete agreement on a proposed discovery schedule. Their proposals, with differences noted where applicable, are as follows:

a. Discovery will be needed on these subjects: the facts alleged in the Amended Complaint; the facts alleged in Defendants' affirmative defenses; class certification; and damages.

b. Commencement and timing of discovery:
   i. Plaintiffs' proposal: discovery will be commenced by July 8, 2024. Fact discovery will be completed by June 27, 2025.
   ii. Defendants' proposal: If the Court denies Defendants' pending Motion to Dismiss in its entirety, or denies Defendants' Motion in part and Plaintiffs do not elect to amend any claims dismissed without prejudice, the parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of Defendants' answer and discovery shall commence. Fact discovery shall close 365 days after discovery commences.

c. There will be a maximum of twenty-five (25) interrogatories served to each party, with responses due 45 days after service.

d. There will be a maximum of thirty (30) requests for admission served to each party, with responses due 45 days after service.

e. There will be a maximum of 8 depositions taken by each party. Depositions will be limited to seven (7) hours.

f. <u>Expert</u> Discovery

  i. Plaintiffs' proposal: Should expert discovery be required, expert witness reports will be due on or before July 28, 2025.

  ii. Defendants' proposal: Should expert discovery be required, expert witness reports will be due on or before the date on which fact discovery closes, and the parties will promptly submit to the Court a proposed expert discovery schedule.

g. <u>Motion for Class</u> Certification

  i. Plaintiffs' proposal: Plaintiffs will file their Motion for Class Certification by February 12, 2025.

  ii. Defendants' proposal: Plaintiffs will file their Motion for Class Certification thirty (30) days after the close of fact discovery or, if applicable, the close of expert discovery.

**10. Earliest date parties will be ready for trial, and length of trial:**

Plaintiffs will be ready for trial no earlier than September 16, 2025.

Defendants will determine the earliest date on which they will be ready for trial once motion(s) to dismiss are decided, and after amendments to the Complaint, if any, are made.

Trial is expected to take three (3) to five (5) days.

**11. Do the parties unanimously consent to proceed before the Magistrate Judge:**

The parties do not unanimously consent to proceed before the Magistrate Judge.

**12. Status of settlement discussions:**

There have been no settlement discussions in this case. The parties do not request a settlement conference at this time.

Dated: June 20, 2024                                          Respectfully,

*/s/ Daniel A. Edelman*                                       */s/ Christine E. Skoczylas*
Daniel A. Edelman                                             Christine E. Skoczylas (#6293811)
Tara L. Goodwin                                               **BARNES & THORNBURG LLP**
Caileen M. Crecco                                             One North Wacker Drive, Suite 4400
**EDELMAN, COMBS, LATTURNER**                                 Chicago, IL 60606
**& GOODWIN, LLC**                                            (312) 357-1313
20 South Clark Street, Suite 1500                             (312) 759-5646

4

Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

*Attorneys for Plaintiffs*

Christine.Skoczylas@btlaw.com

Noel A. Katsell (pro hac vice)
**BARNES & THORNBURG LLP**
655 West Broadway, Suite 1300
San Diego, CA 92101
(619) 321-5000
(310) 284-3894
Noah.Katsell@btlaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I, Daniel A. Edelman, hereby certify that on June 20, 2024, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System which sent notification to all counsel of record

                                              */s/ Daniel A. Edelman*
                                              Daniel A. Edelman